1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                        DISTRICT OF NEVADA
10                              * * *
11   AMERICAN GENERAL LIFE INSURANCE
     COMPANY,                              )
12                                         )
                                           )
13                  Plaintiff,             )        2:12-cv-01324-GMN-NJK
                                           )
14   vs.                                   )
                                           )
15   VISTANA CONDOMINIUM OWNERS            )
     ASSOCIATION, et al.,                  )           **O R D E R**
16                                         )
                                           )
17                  Defendants.            )
     _____)
18
19       Before the Court is Defendant Vistana Condominium Owner's Association's *Ex Parte*

20   Application For Order to Stay Or, In The Alternative, To Continue Trial Dates and All Pre-Trial

21   Deadlines (#66).

22                            **BACKGROUND**

23       Vistana Condominium Owner's Association has been seeking documents which are

24   currently held by the Federal Bureau of Investigation since as early as February 2005. Vistana

25   believes these documents are necessary for its defense of this case.  However, Vistana recently

26   learned that, in order to obtain the FBI documents, it will have to file a motion in the

27   corresponding criminal matter seeking production of the documents.  Vistana informed American

28   General Life Insurance of its situation via email on May 13, 2013, and requested that the parties

1    stipulate to a stay or a continuance of pretrial and trial dates for 120 days. Exhibit E, Docket No.

2    66.   American General Life Insurance, via a return email, declined the request. Id. On May 17,

3    2013, Vistana filed the instant *ex parte* motion.[1]

4                                            **<u>DISCUSSION</u>**

5             "When an ex parte motion is filed . . . [t]he judge drops everything except other urgent

6    matters to study the papers. It is assumed that . . . all will be lost unless immediate action is

7    taken." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491-92 (C.D. Cal. 1995).

8    "Lawyers must understand that filing an *ex parte* motion, whether of the pure or hybrid type, is

9    the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be

10   a fire." *Id*.

11            Rule 7–5 of the Local Rules of Practice states, "[a]ll *ex parte* motions, applications or

12   requests shall contain a statement showing good cause why the matter was submitted to the Court

13   without notice to all parties, [and] applications or requests may be submitted *ex parte* only for

14   compelling reasons, and not for unopposed or emergency motions." LR 7-5(b)-(c). In order to

15   show that ex parte relief is necessary, "[f]irst, the evidence must show that the moving party's

16   cause will be irreparably prejudiced if the underlying motion is heard according to regular

17   noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492

18   (C.D. Cal. 1995).

19            "A sliding scale is used to measure the threat of prejudice. If the threatened prejudice

20   would not be severe, then it must be apparent that the underlying motion has a high likelihood of

21   success on the merits. If drastic harm is threatened, then it is sufficient to show that there are

22   close issues that justify the court's review before the party suffers the harm." *Id*.

23            Here, Vistana failed to show good cause why this motion was submitted to the Court

24   without notice to all parties. See LR 7-5(b). In fact, Vistana states that the opposing counsel

25   objects to the relief sought in the instant motion which in itself is reason the motion should be

26

27   _____

          [1]The motion contains a certification that it was served via Nevada's CM/ECF "upon each
28   party in the case who is registered as an electronic filing user with the Clerk." Docket. No. 66, at 13.
     Since counsel filed this motion *ex parte*, however, this certification is inaccurate.

1    served on all parties. Further, Vistana indicates that it will suffer irreparable prejudice if the

2    instant application is not granted "because there is not sufficient time prior to a possible hearing

3    on the Motion for Summary Judgment filed by Counter-Defendant Patricia Arnott to file a

4    noticed motion for a stay of the proceedings." Docket No. 66 at 4. Thus, Vistana's reasoning is

5    that there might be a hearing which might prejudice Vistana's position and therefore, the Court

6    should halt all its other matters to address this request for a stay before the opposing party can be

7    heard on the matter. However, the referenced Motion for Summary Judgment is not and will not

8    be fully briefed until June 3, 2013; over two weeks from when the *ex parte* motion was filed.

9    Additionally, the Court has not scheduled a hearing on the Motion for Summary Judgment nor

10   has it indicated that it will schedule such a hearing.

11       As for the merits of the underlying motion, a key piece of the Court's inquiry is the

12   prejudice faced by the opposing party. Without allowing the opposing party an opportunity to be

13   heard, the Court cannot adequately make that determination. Indeed, in light of this situation, it is

14   apparent why *ex parte* motions are generally considered "inherently unfair." See *Mission Power*,

15   883 F. Supp. at 492. The present motion to stay simply does not establish that Vistana will be

16   irreparably prejudiced if its motion is heard on the regular motion calendar or, alternatively, on

17   an expedited basis in which the opposing party is given a fair opportunity to be heard.

18       Additionally, the Court notes that the parties did not properly meet and confer prior to the

19   filing of this motion. LR 26-7(b) provides that "[d]iscovery motion will not be considered unless

20   a statement of the movant is attached thereto certifying that, after  personal consultation and

21   sincere effort to do so, the parties have not been able to resolve the matter without Court action.

22   LR 26-7.  The mere exchange of letters does not satisfy the personal consultation requirement.

23   *ShuffleMaster, Inc. V. Progressive Games, Inc.*, 170 F.R.D. 166, 172 (D. Nev. 1996). Personal

24   consultation means the movant must "personally engage in two-way communication with the

25   nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort

26   to avoid judicial intervention." *ShuffleMaster*, 170 F.R.D. at 171.  Meaningful discussion means

27   the parties must present the merits of their respective positions and assess the relative strengths

28   of each.  See *Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *11

1    (D. Nev. June 11, 2007). Here, the parties exchanged two emails, the latter of which was a single

2    sentence.  That exchange did not satisfy the meet and confer requirement of LR 26-7(b).

3            Accordingly, the parties should properly meet and confer on this issue and try to resolve

4    this dispute without court involvement. However, if no agreement can be reached, Vistana may

5    re-file this motion[2] and, upon a showing of good cause, may request an expedited briefing

6    schedule.

7                                          **CONCLUSION**

8            Based on the foregoing, and good cause appearing therefore,

9            IT IS HEREBY ORDERED that Defendant's *Ex Parte* Application For Order to Stay Or,

10   In The Alternative, To Continue Trial Dates and All Pre-Trial Deadlines (#66) is DENIED

11   without prejudice.

12           DATED this   20th   day of May, 2013

13

14

15                                          _____

16                                          NANCY J. KOPPE
                                            United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27   _____

28       [2]If Vistana does re-file this motion, it may not be styled as an *ex parte* motion, and must be
     served on all parties.