UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,  )<br>)<br>)<br>         Plaintiff,  )<br>)<br>vs.  )<br>)<br>VISTANA CONDOMINIUM OWNERS  )<br>ASSOCIATION, et al.,  )<br>)<br>)<br>         Defendants.  )<br>_____ ) | 2:12-cv-01324-GMN-NJK<br><br>**O R D E R** |

    Before the Court is Defendant Vistana Condominium Owner's Association's *Ex Parte* Application For Order to Stay Or, In The Alternative, To Continue Trial Dates and All Pre-Trial Deadlines (#66).

**BACKGROUND**

    Vistana Condominium Owner's Association has been seeking documents which are currently held by the Federal Bureau of Investigation since as early as February 2005. Vistana believes these documents are necessary for its defense of this case.  However, Vistana recently learned that, in order to obtain the FBI documents, it will have to file a motion in the corresponding criminal matter seeking production of the documents.  Vistana informed American General Life Insurance of its situation via email on May 13, 2013, and requested that the parties

stipulate to a stay or a continuance of pretrial and trial dates for 120 days. Exhibit E, Docket No. 66. American General Life Insurance, via a return email, declined the request. Id. On May 17, 2013, Vistana filed the instant *ex parte* motion.[1]

**DISCUSSION**

"When an ex parte motion is filed . . . [t]he judge drops everything except other urgent matters to study the papers. It is assumed that . . . all will be lost unless immediate action is taken." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491-92 (C.D. Cal. 1995). "Lawyers must understand that filing an *ex parte* motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." *Id*.

Rule 7–5 of the Local Rules of Practice states, "[a]ll *ex parte* motions, applications or requests shall contain a statement showing good cause why the matter was submitted to the Court without notice to all parties, [and] applications or requests may be submitted *ex parte* only for compelling reasons, and not for unopposed or emergency motions." LR 7-5(b)-(c). In order to show that ex parte relief is necessary, "[f]irst, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

"A sliding scale is used to measure the threat of prejudice. If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits. If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm." *Id*.

Here, Vistana failed to show good cause why this motion was submitted to the Court without notice to all parties. See LR 7-5(b). In fact, Vistana states that the opposing counsel objects to the relief sought in the instant motion which in itself is reason the motion should be

---

[1] The motion contains a certification that it was served via Nevada's CM/ECF "upon each party in the case who is registered as an electronic filing user with the Clerk." Docket. No. 66, at 13. Since counsel filed this motion *ex parte*, however, this certification is inaccurate.

1  served on all parties. Further, Vistana indicates that it will suffer irreparable prejudice if the
2  instant application is not granted "because there is not sufficient time prior to a possible hearing
3  on the Motion for Summary Judgment filed by Counter-Defendant Patricia Arnott to file a
4  noticed motion for a stay of the proceedings." Docket No. 66 at 4. Thus, Vistana's reasoning is
5  that there might be a hearing which might prejudice Vistana's position and therefore, the Court
6  should halt all its other matters to address this request for a stay before the opposing party can be
7  heard on the matter. However, the referenced Motion for Summary Judgment is not and will not
8  be fully briefed until June 3, 2013; over two weeks from when the *ex parte* motion was filed.
9  Additionally, the Court has not scheduled a hearing on the Motion for Summary Judgment nor
10 has it indicated that it will schedule such a hearing.
11     As for the merits of the underlying motion, a key piece of the Court's inquiry is the
12 prejudice faced by the opposing party. Without allowing the opposing party an opportunity to be
13 heard, the Court cannot adequately make that determination. Indeed, in light of this situation, it is
14 apparent why *ex parte* motions are generally considered "inherently unfair." See *Mission Power,*
15 883 F. Supp. at 492. The present motion to stay simply does not establish that Vistana will be
16 irreparably prejudiced if its motion is heard on the regular motion calendar or, alternatively, on
17 an expedited basis in which the opposing party is given a fair opportunity to be heard.
18     Additionally, the Court notes that the parties did not properly meet and confer prior to the
19 filing of this motion. LR 26-7(b) provides that "[d]iscovery motion will not be considered unless
20 a statement of the movant is attached thereto certifying that, after  personal consultation and
21 sincere effort to do so, the parties have not been able to resolve the matter without Court action.
22 LR 26-7.  The mere exchange of letters does not satisfy the personal consultation requirement.
23 *ShuffleMaster, Inc. V. Progressive Games, Inc.*, 170 F.R.D. 166, 172 (D. Nev. 1996). Personal
24 consultation means the movant must "personally engage in two-way communication with the
25 nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort
26 to avoid judicial intervention." *ShuffleMaster*, 170 F.R.D. at 171.  Meaningful discussion means
27 the parties must present the merits of their respective positions and assess the relative strengths
28 of each.  See *Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *11

1  (D. Nev. June 11, 2007). Here, the parties exchanged two emails, the latter of which was a single
2  sentence.  That exchange did not satisfy the meet and confer requirement of LR 26-7(b).
3        Accordingly, the parties should properly meet and confer on this issue and try to resolve
4  this dispute without court involvement. However, if no agreement can be reached, Vistana may
5  re-file this motion[2] and, upon a showing of good cause, may request an expedited briefing
6  schedule.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant's *Ex Parte* Application For Order to Stay Or, In The Alternative, To Continue Trial Dates and All Pre-Trial Deadlines (#66) is DENIED without prejudice.

DATED this __20th__ day of May, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] If Vistana does re-file this motion, it may not be styled as an *ex parte* motion, and must be served on all parties.