1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                               DISTRICT OF NEVADA

9                                      * * *

10   AMERICAN GENERAL LIFE INSURANCE
     COMPANY,                                      )
11                                                 )
                                                   )
12                         Plaintiff,              )        2:12-cv-01324-GMN-NJK
                                                   )
13   vs.                                           )
                                                   )
14   VISTANA CONDOMINIUM OWNERS                    )
     ASSOCIATION, et al.,                          )        **O R D E R**
15                                                 )
                                                   )
16                         Defendants.             )
     _____ )

17
18          Before the Court is Non-Party Robert Gronauer's Emergency Motion to Stay the

19   Enforcement of the Magistrate [Judge's] May [7], 2013 Order Pending the Resolution of Either

20   Vistana's Motion to Stay These Proceedings or Mr. Gronauer's Objections Re: The May [7],

21   2013 Order or, In the Alternative, for Relief from the May [7], 2013 Order (#72).  The Court has

22   considered Non-Party Robert Gronauer's Emergency Motion (#72); the Defendant and

23   Counterclaimant Vistana's Opposition (#73); and Non-Party Robert Gronauer's Reply (#76).

24   Pursuant to LR 78-2, the Court decides this motion without a hearing.

                                     **BACKGROUND**

25   **I.      Motion for Protective Order and to Quash**

26          On April 30, 2013, Non-Party Robert Gronauer filed an Emergency Motion for Protective

27   Order and to Quash Subpoena. Docket No. 53. On May 1, 2013, Defendant Vistana

28   Condominium Owners Association filed its Response. Docket No. 54.

1    In that motion, Gronauer disputed whether Vistana could depose him in this action.  Both

2  Gronauer and Vistana are involved in separate litigation before the Eighth Judicial District Court

3  in Clark County, Nevada, and that case has been stayed pending the production of certain "FBI

4  documents" by the Federal Government. During the pendency of the stay, Vistana is precluded

5  from deposing Gronauer in that action.

6    After the stay of the state court case was granted, Vistana issued its subpoena to depose

7  Gronauer in this action. Gronauer sought to quash the subpoena because, according to him,

8  Vistana was seeking to depose him on facts related to the state court matter, and he will be

9  prejudiced if he has to testify before the disclosure of the FBI documents.

10    Vistana, on the other hand, argued that Gronauer was attempting to avoid the deposition

11  because he may subject himself to criminal liability.  Vistana stated that it needs to depose

12  Gronauer in this case because it has evidence that Gronauer was aware of and participated in the

13  criminal conspiracy (the "Quon conspiracy") alleged in this case.

14    The Court held a hearing on this dispute on May 7, 2013. Docket No. 61.

15  **II.    May 7, 2013, Hearing and Court Order**

16    At the May 7, 2013, hearing, Gronauer's counsel explained to the Court that his primary

17  concern was that Vistana was seeking to depose Gronauer in order to obtain discovery in the

18  State court case which is currently stayed pending the disclosure of the FBI documents.

19  According to Groauner's counsel, Gronauer would be severely prejudiced if he was required to

20  testify prior to the disclosure of the FBI documents. However, Gronauer's counsel agreed that

21  Gronauer could be deposed if the deposition was limited solely to issues in the instant case

22  involving the Quon conspiracy.

23    Vistana's counsel denied the allegation that the deposition was noticed in the instant case

24  solely because it could not be noticed in the state court case. Vistana's counsel indicated that

25  numerous depositions had been recently noticed, that Gronauer was the only person who could

26  provide the information Vistana needed from him, and that although the subpoena in this case

27  was served on Gronauer right after it became clear that such a subpoena could not be issued in

28  the state court case, the timing was actually due to Vistana's need to meet the July 7, 2013,

1  discovery deadline in this case. Additionally, Vistana's counsel indicated that although it was

2  willing to depose Gronauer only on issues that related to this case, some questions that needed to

3  be asked in this case would also be relevant to the state court case.

4        After hearing argument from both sides, the Court ruled that Vistana could depose

5  Gronauer in this case as long as the deposition was limited solely to issues in the federal case.

6  The Court also ruled that Vistana's Request for Production of Documents be modified to add the

7  language, "related to KKBRF's representation of Vistana." Counsel for Vistana and Gronauer

8  both indicated that they were agreeable to this ruling.

9  **III.   Current Dispute**

10        On May 23, 2013, Vistana filed a motion to stay this case pending the disclosure of the

11  FBI documents. Docket No. 70. In that motion, Vistana argues that the parties are unable to

12  conduct meaningful discovery without the FBI documents.  Gronauer argues that this argument is

13  similar to the argument he made in his motion for a protective order, in which he argued that he

14  would be prejudiced if he had to testify in this case prior to the disclosure of te FBI documents.

15        Gronauer is now moving for the Court to stay enforcement of its prior order allowing

16  Vistana to depose Groaner because, he argues, Vistana made misrepresentations to the Court

17  during the May 7, 2013 hearing. Namely, since the hearing, Vistana has refused to stipulate that

18  the deposition will be used solely for the federal case, which is contrary to its representation that

19  the deposition notice was not issued for the purpose of subverting the stay in the state court

20  action.

21        Vistana argues that the deposition should be allowed to proceed as scheduled because the

22  FBI documents are not necessary for Gronauer's deposition. Vistana states that it did indicate at

23  the hearing that there would be some crossover between questions it would ask in this case and

24  questions it would ask in the state court case and therefore it made no misrepresentation to the

25  Court. Vistana also asserts that, if Gronauer is permitted to stay his deposition pending the

26  resolution of its Motion to Stay, every other third party witness in this case will similarly try to

27  avoid deposition.

28  ...

1    Gronauer has requested that the Court address this dispute on an emergency basis because

2    the deposition is currently scheduled for June 3, 2013, and briefing for the Motion to Stay will

3    not be completed until June 5, 2013.

4                                          **DISCUSSION**

5    **I.      Emergency Consideration**

6        Local Rule 7-5 states that all requests for judicial assistance in resolving an emergency

7    dispute "shall set forth the nature of the emergency." LR 7-5. Additionally, it is "within the sole

8    discretion of the Court to determine whether any such matter is, in fact, an emergency." *Id.*

9        Here, Gronauer is seeking a stay of enforcement, or relief from, the Court's May 7, 2013,

10   Order which permitted Vistana to depose Gronauer on issues limited to this matter. Gronauer

11   argues that this motion is an emergency because the subject deposition is currently set for June 3,

12   2013, and briefing for the Motion to Stay will not be completed until June 5, 2013. The Court

13   agrees with Gronauer's reasoning and will review this motion on an emergency basis.

14   **II.     Requested Stay**

15       The Court has inherent power to control its docket, including the discretion to stay

16   proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The determination of whether

17   to stay proceedings is best determined by weighing the competing interests of the parties and of

18   the Court. *Id.*

19       "Among those competing interests are the possible damage which may result from the
         granting of a stay, the hardship or inequity which a party may suffer in being required to
20       go forward, and the orderly course of justice measured in terms of the simplifying or
         complicating of issues, proof, and questions of law which could be expected to result
21       from a stay."

22   *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); citing *Landis*, 299 U.S. at 268.

23       Here, the Court made clear at the hearing that the purpose of the deposition should be

24   solely for the advancement of the federal court case. Although there would be some overlap in

25   issues relevant to the state and federal court cases, the Court allowed the deposition of Gronauer

26   to go forward on the condition that it be contained to issues relevant to this case. According to

27   Vistana, those issues were limited to Gronauer's involvement and knowledge about the alleged

28   Quon conspiracy. Vistana also stated that the FBI documents were not necessary for questioning

1  Gronauer on those issues. Therefore, the Court ordered the deposition limited to questions

2  relating to the alleged Quon conspiracy. Both parties indicated that they were agreeable to the

3  Court's Order.

4         Ten days later, Vistana filed an *Ex Parte* Motion to Stay, which was later re-filed on May

5  23, 2013, as a Motion to Stay.[1] In its Motion to Stay, Vistana, referring to the FBI documents,

6  states that, "[w]ithout any of the documents relevant to the fraud and conspiracy perpetrated by

7  Quon, the Court cannot justly make any dispositive ruling on the instant matter." Docket No. 70

8  at 8. It goes on to say that, without the FBI documents, "discovery is impossible and futile."

9  Docket No. 70 at 10.

10        Vistana's statements in its Motion to Stay completely contradict its position on deposing

11 Gronauer. If Vistana does not have any of the documents relevant to the alleged Quon

12 conspiracy, it cannot possibly properly depose Gronauer on the alleged Quon conspiracy. Indeed,

13 Vistana admits that, without the FBI documents, all third party witnesses will likely indicate that

14 they cannot be deposed. Docket No. 70 at 6. Nevertheless, Vistana asserts that it is proper to

15 depose Gronauer prior to the determination of the Motion to Stay and prior the production of the

16 FBI documents. The Court disagrees. Vistana essentially asks the Court to find that the FBI

17 documents are crucial to the alleged Quon conspiracy for the purpose of the stay and at the same

18 time find that the FBI documents are irrelevant to the alleged Quon conspiracy when comes to

19 deposing Gronauer. The Court cannot and will not make such contradictory findings.

20        Therefore, it is in the interest of Gronauer, Vistana, and the Court to stay enforcement of

21 the May 7, 2013, Order pending a decision on the Motion to Stay, Docket No. 70. Additionally,

22 Vistana has not indicated that it will be prejudiced if Gronauer's deposition is stayed. Rather,

23 Vistana has indicated that it believes discovery is currently "impossible and futile." Docket No.

24 70 at 10.

25 ...

26

27        [1]The Court denied the *Ex Parte* Motion to Stay, Docket No. 66, for failure to show good
   cause for *ex parte* consideration. Docket No. 68. Three days after the Court's Order, Vistana re-filed
28 its motion omitting the request for *ex parte* consideration. Docket No. 70.

**III.     Relief Pursuant to FRCP 60(b)**

Gronauer has also requested relief from the Court's May 7, 2013, Order pursuant to Fed.R.Civ.P. 60(b). Under Fed.R.Civ.P. 60(b), the Court may relieve a party from an order when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" or when there has been misrepresentation.

According to Gronauer, it is a newly discovered fact that Vistana moved to stay this case pending production of the FBI documents. This alone is not grounds for relief under Fed.R.Civ.P. 60(b). If it were, Rule 60(b) relief would be granted anytime an attorney or party altered its litigation strategy after a court order.

Additionally, Gronauer asserts that Vistana made misrepresentations to the Court concerning whether it would use the deposition testimony in this case in the state court case as well. The Court disagrees. Vistana indicated at the hearing that some of the questions it would ask Gronauer could be relevant to the state court case and Vistana did not represent that it would agree to not use any of Gronauer's federal deposition testimony in the state court case, if it happened to be relevant in the state court case as well.

Accordingly, Vistana's request for relief from the Court's May 7, 2013, Order pursuant to Fed.R.Civ.P. 60(b) is denied.

...

...

...

...

...

...

...

...

...

...

1

**<u>CONCLUSION</u>**

2          Based on the foregoing, and good cause appearing therefore,

3          IT IS HEREBY ORDERED that Non-Party Robert Gronauer's Emergency Motion to

4  Stay the Enforcement of the Magistrate [Judge's] May [7], 2013 Order Pending the Resolution of

5  Either Vistana's Motion to Stay These Proceedings or Mr. Gronauer's Objections Re: The May

6  [7], 2013 Order or, In the Alternative, for Relief from the May [7], 2013 Order (#72) is

7  GRANTED in part and DENIED in part;

8          IT IS FURTHER ORDERED that Enforcement of the May 7, 2013, Court Order is stayed

9  pending a decision on Defendant's Motion to Stay (#70);

10         IT IS FURTHER ORDERED that the request for relief from the May 7, 2013, Order is

11  DENIED.

12         DATED this __29th__ day of May, 2013

13

14

15         _____

16         NANCY J. KOPPE
           United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28