1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8
9
10
11
12
13
14
15

| | |
|---|---|
| AMERICAN GENERAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) |
| VISTANA CONDOMINIUM OWNERS ASSOCIATION, et al., | ) ) ) |
| Defendant(s). | ) ) ) |

Case No. 2:12-cv-01324-JAD-NJK

**O R D E R**

16
17
18
19
20
21
22

Before the Court is Defendant and Counter-Claimant Patricia Arnott as Trustee of the Nancy Quon Life Insurance Policy Dated February 10, 2005's (the "Trust") Motion to Compel Responses to Requests for Production and For Sanctions. Docket No. 115. The Court has considered Defendant's motion and the supplement to her motion. Docket Nos. 115, 116. Responses were due March 3, 2014. *See* Docket No. 115. To date, no response has been filed. The Court finds this motion appropriately resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, Defendant's motion is hereby GRANTED.

23

**I.     BACKGROUND**

24
25
26

On February 28, 2013, the Trust served seven requests for production on Co-Defendant Vistanta Condominium Owner's Association ("Vistana"). Docket No. 115-1. Those requests for production were as follows:

27
28

**REQUEST FOR PRODUCTION NO. 1**
Please produce all documents relating to the settlement referred to in paragraph 129 of Vistana's First Amended Counterclaim.

**REQUEST FOR PRODUCTION NO. 2**
   Please produce all documents relating to the course of dealing under the settlement referred to in paragraph 129 of Vistana's First Amended Counterclaim.

**REQUEST FOR PRODUCTION NO. 3**
   Please produce all documents supporting your allegations that Patricia Arnott engaged in any wrongful acts.

**REQUEST FOR PRODUCTION NO. 4**
   Please produce all documents supporting your allegations that Jessica Quon engaged in any wrongful acts.

**REQUEST FOR PRODUCTION NO. 5**
   Please produce all documents supporting your allegations that Stephanie Lingle engaged in any wrongful acts.

**REQUEST FOR PRODUCTION NO. 6**
   Please produce all documents relating to payments Nancy Quon made for premiums on the Metlife Policy including but not limited to bank records, canceled checks and communications.

**REQUEST FOR PRODUCTION NO. 7**
   Please produce all documents relating to payments Nancy Quon made for premiums on the AmGen Policy including but not limited to bank records, canceled checks and communications.

*Id*.

   Vistana responded on April 2, 2013, by objecting to all seven requests for production on the grounds that they were vague, ambiguous, overly broad and burdensome and, potentially, not in the custody and control of Vistana. *Id*.

   On May 20, 2013, the Trust sent Vistana a letter outlining what it believed to be the deficiencies in Vistana's responses. Docket No. 115-2. Vistana responded on June 20, 2013, indicating that it would not supplement its responses because it had no obligation to identify the requested documents. Docket No. 115-3.

   On July 10, 2013, the Court stayed this action in order to allow Vistana to pursue document production from the FBI. Docket No. 99. The stay was lifted on September 17, 2013, Docket No. 111. The Trust represents that it then gave Vistana two months until December 13, 2013, to review the new FBI documents before renewing its request that Vistana supplement its responses. Docket No. 115-4.  On December 23, 2013, Vistana sent a letter acknowledging that its interrogatory and request for admission responses were inadequate, but stating that it would not supplement its responses to the requests for production. Docket No. 115-5. Thereafter, the parties' attorneys met

and conferred in an attempt to resolve this dispute without court intervention. Docket No. 115, at 4.

They could not reach an agreement and, on February 14, 2013, the Trust filed the instant motion

seeking a Court order compelling Vistana to provide substantive responses to the requests for

production, identify any responsive documents that were previously produced by Bates number,

deem Vistana's objections waived, and award the Trust its costs and fees incurred in bringing the

instant motion. *Id.*, at 4-5.

On February 26, 2013, the Trust filed a supplement to its motion to compel requesting the

same relief as previously requested, but extending the motion to its requests for production numbered

8 through 37. Docket No. 116. The Trust asserts that the additional requests for production were

served at the same time as the previously discussed requests and that the responses were the same,

the procedural posture was the same and, therefore, the analysis is the same. *Id*.

Responses were due no later than March 3, 2013. *See* Docket No. 115. To date, no response

or request for extension to respond, has been filed.

## II.    DISCUSSION

### A.    Failure to Respond

Pursuant to Local Rule 7-2, "The failure of an opposing party to file points and

authorities in response to any motion shall constitute a consent to the granting of the motion." LR

7-2. As stated above, Vistana has not filed a response to the instant motion. Accordingly, Vistana

has consented to the granting of the instant motion.

### B.    Requests for Production

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681,

685 (9th Cir. 1988). Federal Rule of Civil Procedure 37 allows a party to move for an order

compelling disclosure or discovery when it determines that a response has not been properly

provided. Fed.R.Civ.P. 37(a). Specifically, a party may move for an order compelling responses to

requests for production. *See* Fed.R.Civ.P. 34.

Federal Rule of Civil Procedure 34 governs requests for production. The rule permits a party

to "serve on any other party" a request to produce or allow inspection of documents or tangible items

that are "in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a)(1). The

responding party must then make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the "party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (*quoting  Marti v. Baires, 2012 WL 2029720, at* *19–20,*(E.D. Cal. June 5, 2012) (*citing Uribe v. McKesson,* 2010 WL 892093, at *1, (E.D.Cal. Mar. 8, 2010)). "A party, however, is not required to create a document where none exists." *Id.* (*citing Goolsby v. Carrasco,* 2011 WL 2636099, at *7–8 (finding that a document request that would require the defendant to create a roster of all employees who supervised the prison cage yard is not a proper request under Federal Rule of Civil Procedure 34(a)).

Here, the Trust asserts that Vistana has documents responsive to its requests for production in its custody and control and has failed to produce those documents. Vistana has provided no response to the contrary. Therefore, the Court concludes that Vistana did not make a reasonable inquiry nor has it exercised due diligence in attempting to locate the requested documents. Accordingly, Vistana is hereby ordered to provide substantive responses to the requests for production and identify any responsive documents that were previously produced by Bates number.

## III.   REASONABLE EXPENSES

If a motion to compel is granted, a court must, after giving an opportunity to be heard, require the moving party to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the opposing party's nondisclosure was "substantially justified." *See* Fed.R.Civ.P. 37(a)(5)(A).   A nondisclosure is "substantially justified" under Rule 37 if reasonable people could differ on whether a party was bound to comply with a discovery rule. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Here, Vistana has provided no explanation whatsoever for its nondisclosure. Accordingly, Vistana is hereby ordered to show cause in writing no later than March 21, 2014, why it should not be sanctioned in the amount of the costs and fees incurred by the Trust in bringing this motion. The Trust is instructed to file an affidavit detailing its costs and fees associated with bringing this motion no later than March 14, 2014.

. . .

## IV.   CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant and Counter-Claimant Patricia Arnott as Trustee of the Nancy Quon Life Insurance Policy Dated February 10, 2005's Motion to Compel Responses to Requests for Production and For Sanctions, Docket No. 115, is **GRANTED**. Vistana must provide to the Trust substantive responses to the requests for production and identify any responsive documents that were previously produced by Bates number, no later than **April 7, 2014**.

IT IS FURTHER ORDERED that the Trust shall file an affidavit detailing its costs and fees associated with bringing this motion no later than **March 14, 2014.**

IT IS FURTHER ORDERED that Vistana shall show cause in writing no later than **March 21, 2014**, why it should not be sanctioned in the amount of the costs and fees incurred by the Trust in bringing this motion.


DATED: March 7, 2014.


_____
NANCY J. KOPPE
United States Magistrate Judge