UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No. 2:12-cv-01324-JAD-NJK |
| vs. | ) **ORDER** |
| VISTANA CONDOMINIUM OWNERS ASSOCIATION, et al., | ) ) ) |
| Defendants. | ) ) |

Pending before the Court is Counter-Defendant Patricia Arnott, as Trustee of the Nancy Quon Life Insurance Trust's ("the Trust") Motion to Compel Responses to Requests for Production and for Sanctions. Docket No. 115. The Court has considered the Motion, Supplement to Motion, Response,[1] and Reply. Docket Nos. 115, 116, 122, 130. The Court has also considered the arguments at hearing. Docket No. 137. The Motion to Compel Responses to Requests for Production is hereby **GRANTED** in part and **DENIED** in part. The Motion for Sanctions is hereby **DENIED**.

---

[1] Defendant Vistana Condominium Owners Association's ("Vistana") is a Counter-Claimant in this matter, having alleged, *inter alia*, that certain Counter-Defendants are improper beneficiaries of the Nancy Quon trust. *See* Docket Nos. 16, 23. Vistana has filed the Response to the instant motion.

I.  **BACKGROUND**

On February 28, 2013, the Trust served seven requests for production on Vistana. Docket No. 115-1. Those requests for production were as follows:

**REQUEST FOR PRODUCTION NO. 1**
Please produce all documents relating to the settlement referred to in paragraph 129 of Vistana's First Amended Counterclaim.

**REQUEST FOR PRODUCTION NO. 2**
Please produce all documents relating to the course of dealing under the settlement referred to in paragraph 129 of Vistana's First Amended Counterclaim.

**REQUEST FOR PRODUCTION NO. 3**
Please produce all documents supporting your allegations that Patricia The Trust engaged in any wrongful acts.

**REQUEST FOR PRODUCTION NO. 4**
Please produce all documents supporting your allegations that Jessica Quon engaged in any wrongful acts.

**REQUEST FOR PRODUCTION NO. 5**
Please produce all documents supporting your allegations that Stephanie Lingle engaged in any wrongful acts.

**REQUEST FOR PRODUCTION NO. 6**
Please produce all documents relating to payments Nancy Quon made for premiums on the Metlife Policy including but not limited to bank records, canceled checks and communications.

**REQUEST FOR PRODUCTION NO. 7**
Please produce all documents relating to payments Nancy Quon made for premiums on the AmGen Policy including but not limited to bank records, canceled checks and communications.

*Id*.

Vistana responded on April 2, 2013, by objecting to all seven requests for production on the grounds that they were vague, ambiguous, overly broad and burdensome and, potentially, not in the custody and control of Vistana. *Id*.

On May 20, 2013, the Trust sent Vistana a letter outlining what it believed to be the deficiencies in Vistana's responses. Docket No. 115-2. Vistana responded on June 20, 2013, indicating that it would not supplement its responses because it had no obligation to identify the requested documents. Docket No. 115-3.

On July 10, 2013, the Court stayed this action in order to allow Vistana to pursue document production from the FBI.[2] Docket No. 99. The stay was lifted on September 17, 2013. Docket No. 111. The Trust represents that it then gave Vistana two months, until December 13, 2013, to review the new FBI documents before renewing its request that Vistana supplement its responses. Docket No. 115-4. On December 23, 2013, Vistana sent a letter acknowledging that its interrogatory and request for admission responses were inadequate, but stating that it would not supplement its responses to the requests for production. Docket No. 115-5. Thereafter, the parties' attorneys met and conferred in an attempt to resolve this dispute without court intervention. Docket No. 115, at 4. They could not reach an agreement and, on February 14, 2014, the Trust filed the instant motion seeking a Court order compelling Vistana to provide substantive responses to the requests for production, identify any responsive documents that were previously produced by Bates number, deem Vistana's objections waived, and award the Trust its costs and fees incurred in bringing the instant motion. *Id*., at 4-5.

On February 26, 2014, the Trust filed a supplement to its motion to compel requesting the same relief as previously requested, but extending the motion to its requests for production numbered 8 through 37. Docket No. 116. The Trust asserts that these requests for production were served at the same time as the previously-discussed requests, and argues that the responses and procedural posture were the same and, therefore, the analysis is the same. *Id*., at 10.

In response, Vistana asserts that during the meet and confer process, it agreed to produce the requested documents; however, the parties could not agree on whether Vistana was required to specifically identify and Bates-stamp each responsive document in its responses to the requests for production. Docket No. 122, at 6.

---

[2] Vistana previously represented to the Court that the at-issue FBI documents were seized by the FBI in 2008 and that those documents were "all books and records for the expenditures relating to financial transactions and dealings with the misappropriation of funds allegedly committed by [Nancy Quon, Leon Benzer, Silver Lining Construction,] and others." Docket No. 70, at 1. Vistana has since obtained these documents.

3

## II.     DISCUSSION

Federal Rule of Civil Procedure 34 governs requests for production. The rule permits a party to "serve on any other party" a request to produce or allow inspection of documents or tangible items that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The responding party must then make a reasonable inquiry to determine whether responsive documents exist and, if they do not, the "party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (*quoting Marti v. Baires*, 2012 WL 2029720, at *19–20 (E.D. Cal. June 5, 2012) (*citing Uribe v. McKesson,* 2010 WL 892093, at *1 (E.D. Cal. Mar. 8, 2010)). "A party, however, is not required to create a document where none exists." *Id.* (*citing Goolsby v. Carrasco,* 2011 WL 2636099, at *7-8 (E.D. Cal. Jul. 5, 2011) (finding that a document request which would require the defendant to create a roster of all employees who supervised the prison cage yard is not a proper request under Federal Rule of Civil Procedure 34(a))).

Fed. R. Civ. P. 34(b)(2)(E)(i) provides,

> (E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]

Thus, when producing documents, a party must either organize the documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request. This rule "is meant to prevent a party from obscuring the significance of documents by giving some structure to the production." *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 584 (C.D. Cal. 2011) (*quoting Consolidated Rail Corp. v. Grand Trunk Western R.R. Co.,* 2009 WL 5151745, at *3 (E.D. Mich. 2009)). Producing parties should not raise "unnecessary obstacles for the requesting party" in the production of documents. *City of Colton,* 277 F.R.D. at 584 (citing Fed. R. Civ. P. 34 *Advisory Committee's Notes,* 2006 Amendment, subdivision (b)).

4

Therefore, the production must be rationally organized to enable the parties to determine if responsive documents have been produced. *City of Colton,* 277 F.R.D. at 584. "Rule 34 does not obligate a producing party to *per se* organize and label usable documents for the requesting party's convenience, [however] a party exercising Rule 34's option to produce records as they are kept in the usual course of business should organize the documents in such a manner that the requesting party may obtain, with reasonable effort, the documents responsive to their requests." *Id.*, at 585 (*quoting Armor Screen Corp. v. Storm Catcher, Inc.*, 2009 WL 291160, at *5 (S.D. Fla. 2009)). "In the usual course of business" may vary in its details according to the type of document or file produced, but it is clear that parties are entitled under the Federal Rules to rationally organized productions so that they may readily identify documents. *Id*.

Here, the Trust does not claim that Vistana is barred from producing documents as they are kept in the usual course of business. Instead, the Trust argues that Vistana's responses to the requests for production fail to identify the documents in a manner that allows the Trust to reasonably determine which documents are responsive to which request. Docket No. 130, at 4. Thus, the Trust asserts, Vistana "cannot continue to try to force [the Trust] to guess what [Vistana] is alleging, and whether it has any evidence to support its ... claims." *Id.*, at 2.

Vistana contends that it was permitted under Rule 34 to produce documents as they are kept in the usual course of business, which in this case means producing the documents in exactly the manner in which they were produced to Vistana by third parties. *See* Docket No. 122, at 7-8. Vistana has not withheld any responsive documents, and has not generated a privilege log. *Id.*, at 8. Vistana asserts that it should not have to reorganize the documents it receives into categories of the Trust's choosing and identify them with particularity in response to requests for production. *Id*.

In reply, the Trust does not dispute that the documents were produced in the manner in which they were provided to Vistana. Rather, the Trust takes issue with the fact that Vistana "has not even identified whether it believes that any of the documents produced are responsive[.]" Docket No. 130, at 4. The Trust contends that it has no means of knowing whether the documents produced are

5

actually responsive to its discovery requests. *Id.*, at 2. Accordingly, the Trust argues that Vistana should be ordered "to supplement its responses with specific Bates numbers for the documents it believes are responsive." *Id.*, at 4.

The Court, having reviewed the matter, finds that Vistana's document production largely complies with Rule 34. First, Vistana points out that "[a]ll the documents produced are produced to [the Trust] as they were received from third parties ... i.e., as they are kept in the ordinary course of business." Docket No. 122, at 7-8. Further, Vistana "received numerous documents from various third persons, and included with the production the subpoena and responses thereto ... [t]hat is how they are kept - in other words, logically and in a businesslike manner - and that is how they were produced." Docket No 122-1, at 38. Second, Vistana has provided metadata for all the documents, which allows the Trust to identify the documents by Bates range, file path, and document title. *See id.*, at 39.

Given that Vistana produced the documents as it received them, and there being no showing that Vistana otherwise acted in a manner designed to thwart the Federal Rules of Civil Procedure with respect to production of documents, the Court finds that Rule 37 sanctions against Vistana are not appropriate. *See, e.g.*, *David v. Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977) (sanctions imposed under Rule 37 "must be left to the sound discretion" of the judge) (quoting *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976)). Nevertheless, the Court also finds that Vistana's responses to the requests for production are deficient in that they create unnecessary obstacles for the Trust. Although Vistana does not have to organize and Bates-stamp its responses to correspond to the categories in the Trust's requests, because Vistana correctly produced documents as they are kept in the usual course of business, it still must indicate whether the documents it produced are actually responsive. The Trust should not have to guess which requests were responded to and which were not. Accordingly, to the extent that the Trust's motion seeks to determine whether the documents produced by Vistana are actually responsive to the Trust's specific discovery requests, it is granted.

### III.  CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Motion to Compel Discovery Responses from Defendant Vistana (#115) is **GRANTED** in part and **DENIED** in part.

IT IS FURTHER ORDERED that, to the extent that the Trust's motion seeks to determine whether the documents produced by Vistana are actually responsive to specific discovery requests, it is **GRANTED**.

IT IS FURTHER ORDERED that the Trust's Motion for Sanctions is **DENIED**.

IT IS SO ORDERED.

DATED: May 16, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge