UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| VISTANA CONDOMINIUM OWNERS ASSOCIATION, et al., | ) ) ) |
| Defendants. | ) ) |

Case No. 2:12-cv-01324-JAD-NJK

**ORDER**

Pending before the Court is Defendant/Counter-Claimant Vistana Condominium Owners Association's ("Vistana") Motion for Order to Stay or, in the Alternative, to Continue Trial Date and All Pre-Trial Deadlines [Second Request]. Docket No. 138. The Court finds this matter is properly resolved without oral argument. *See* Local Rule 78-2. The Court has considered the Motion, Response,[1] and Reply. Docket Nos. 138, 141, 142. The Motion for Order to Stay is hereby **GRANTED**.

//

---

[1] As Counter-Claimant, Vistana has alleged, *inter alia*, that certain Counter-Defendants are improper beneficiaries of the Nancy Quon trust. *See* Docket Nos. 16, 23. The Response to the instant Motion was filed by Counter-Defendants Patricia Arnott, Stephanie Lingle aka Stephanie A. Quon, and Jessica Quon (collectively "the Trust").

## I. DISCUSSION

The Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court. *Id*.

> "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); citing *Landis*, 299 U.S. at 268.

On July 10, 2013, the Court granted Vistana's Motion to Compel Production (Docket No. 83). *See* Docket No. 100. Vistana's motion sought to compel, *inter alia*, the United States of America ("United States") to produce all documents in its possession, custody and control that were responsive to the subpoena served by Vistana on June 14, 2013. *See* Docket No. 83, at 5.

In August of 2013, the United States provided Vistana with a "portable hard drive" containing responsive documents (the "First Production"). Declaration of Thomas Hall, Docket No. 138-1, at ¶9. Counsel for the United States estimated that the volume of the First Production was "approximately 240,000 readable pages." *Id.*, at ¶13. In a Minute Order issued concurrently with its Order compelling production, the Court granted a stay of the case until August 30, 2013, in order to allow Vistana to receive and review this First Production.[2] Docket No. 99.

In April of 2014, the United States agreed to provide Vistana with a second production of documents from its database (the "Second Production"). *Id.*, at ¶13. Counsel for the United States represented that he "expects that this Second Production will encompass more than 2.4 million pages of documents, which is approximately ten times the size of the First Production." *Id.*, at ¶14. Production is expected to proceed in stages through June of 2014. *Id.*, at ¶15. In its current motion,

---

[2] The Court subsequently granted the parties' stipulation to extend the stay until September 17, 2013. Docket No. 111.

2

Vistana asserts that the Second Production "will then require processing and review which will take at least six months." Docket No. 138, at 3. Vistana accordingly requests a second stay of this action in order to review the Second Production.[3] *Id.*

In its Reply, the Trust argues that a stay will cause undue prejudice in light of its right to a "just, speedy, and inexpensive determination" of the matter. Docket No. 141, at 6-7. The Trust also asserts that Vistana has "most likely" already received "the most salient documents" in the United States' possession, given the database search protocols that were in place during the United States' First Production. *Id.* at 8. The Trust therefore reasons that no additional time for discovery is needed, on the ground that Vistana's review of the Second Production is unlikely to yield documents relevant to the claims asserted by Vistana against the Trust in this action. *Id.*

The Trust's arguments are not persuasive. The Court finds that Vistana has shown good cause and demonstrated its need for additional time in which to review documents whose raw data volume, according to the United States, exceeds a "terabyte of data." Docket No. 138-1, ¶14. Moreover, upon weighing the parties' competing arguments with respect to any prejudice that might accrue due to the imposition of a stay, the Court finds that any potential harm would disparately affect Vistana should discovery close prior to its ability to review the Second Production.

Notwithstanding the foregoing, the Court does not link a stay in this matter to the conclusion of the Criminal Action or any other case; instead, the Court accepts Vistana's counsel's representation that review of the Second Production will take approximately six months. Docket No. 138, at 3. Based on the United States' representation that the Second Production will likely be

---

[3] Vistana requests a stay of the instant action "until a few months after the conclusion" of a criminal trial in a related case pending before this Court. Docket No. 138, at 8, referencing Case No. 2:13-cr-00018-JCM-GWF, *United States of America v. Leon Benzer, et al.* (the "Criminal Action"). Vistana asserts that "the conclusion of the Criminal Action ... will ... permit the 32 co-conspirators who have pled guilty but are awaiting sentencing until after the Criminal Action to testify without invoking their Fifth Amendment privilege." *Id.* at 8. The Court makes no finding regarding the accuracy of Vistana's assessment of the likelihood of those individuals providing meaningful testimony, through deposition or otherwise.

complete by the end of June, Docket No. 138-1, at ¶15, the Court Orders that a stay shall be imposed in this case until January 1, 2015.

## II.     CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS ORDERED that Vistana's Motion for Order to Stay, Docket No. 138, is **GRANTED**.

IT IS FURTHER ORDERED that all proceedings in this matter are **STAYED** until **January 1, 2015**. The parties are further **ORDERED** to provide the undersigned with a revised discovery plan within 7 days of the lifting of the stay.

IT IS SO ORDERED.

DATED: May 27, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

4