**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | |
| Plaintiff, | Case No. 2:12-cv-01324-JAD-NJK |
| vs. | **ORDER** |
| VISTANA CONDOMINIUM OWNERS ASSOCIATION, et al., | (Docket No. 202) |
| Defendants. | |

Pending before the Court is a motion for discovery sanctions filed by Counter-Defendants Patricia Arnott, as Trustee of the Nancy Quon Life Insurance Trust, Stephanie Lingle, and Jessica Quon ("the Quons"). Docket No. 202. Counter-Claimant Vistana Condominium Owners Association, Inc. ("Vistana") responded, and the Quons submitted a reply. Docket Nos. 214, 217. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2.

**I.   BACKGROUND**

This case began as an interpleader action involving life insurance proceeds but soon morphed into a morass of cross and counter-claims stemming from a sophisticated criminal conspiracy allegedly masterminded by the insured, Nancy Quon. *See* Docket No. 1 (interpleader); *see also* Docket No. 201 at 2-3 (explaining case's evolution). Vistana alleges that Nancy Quon and Leon Benzer orchestrated a scheme to embezzle $19,100,000 in funds recovered as a result of Vistana's construction defect

1  lawsuit. Docket No. 214 at 3, 10. Vistana argues that, via that criminal enterprise, those embezzled funds were filtered through shell entities and into life insurance premiums and the Quons pockets. *Id*. at 3.

The Court entered the original scheduling order in this matter on January 8, 2013. *See, e.g.*, Docket No. 42. For much of the next three years, this case was stayed pending the resolution of related criminal proceedings in which over thirty individuals ultimately pled guilty. Docket No. 145; *see also* Docket No. 138 at 3 (describing related criminal proceedings). Upon the lifting of the stay, the Court entered a new scheduling order on January 27, 2015. Docket No. 153. That order set discovery in two phases: the non-expert discovery phase, ending on September 25, 2015; and the expert discovery phase, ending on October 23, 2015. *Id*. at 2-3. The Court later extended these deadlines to October 26, 2015, and November 20, 2015. Docket No. 191 at 4; *but see* Docket No. 196 at 4 (providing that deadline is November 23, 2015).[1]

On the non-expert discovery deadline, October 26, 2015, the parties' counsel met and conferred. Docket No. 202 at 4. During that meeting, the Quons' counsel asked Vistana to supplement its initial disclosure. *Id*. On the expert discovery deadline, November 23, 2015, Vistana made its third supplemental disclosure. Docket No. 214 at 4; *see also* Docket No. 202-2 (supplemental disclosure). At issue here is the timeliness and adequacy of three elements of that supplemental disclosure – Vistana's witness list, damages calculation, and document disclosure. Docket No. 202 at 2-3.

**II.     STANDARDS**

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires parties to make initial disclosures "without awaiting a discovery request."[2] These initial disclosures generally include the names of those likely to have discoverable information, a copy or description of documents that it may use to support its claims, and a computation of each category of damages. Rule 26(a)(1)(A)(i)-(iii). The

---

[1] Although the deadlines in stipulations at Docket Nos. 196 and 191 are in conflict, the parties' briefing accepts November 23, 2015, as the effective deadline and, therefore, the Court does not address this issue.

[2] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

2

main purpose of initial disclosures "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Advisory committee's notes to 1993 Amendment to Fed.R.Civ. 26(a).

A disclosing party must supplement its Rule 26(a) disclosure "in a timely manner" when two conditions are present. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012) (citing Fed.R.Civ.P. 26(e)(1)). When a party "learns that in some material respect the disclosure or response is incomplete or incorrect" and where "corrective information has not otherwise been made known to the other parties during the discovery process or in writing," the duty to supplement is triggered. *Id*.

"Rule 26(e) does not specifically mandate when supplements must be made, only that they must be made "in a timely manner.'" *Calvert v. Ellis*, 2015 WL 631284, *3 (D. Nev. Feb. 12, 2015). "'Timing is better gauged in relation to the availability of the supplemental information,' and not merely based on whether the information was provided after the discovery deadline." *Id*. (citing *Dayton Valley Investors, LLC v. Union Pac. R. Co.*, 2010 WL 3829219, at *3 (D. Nev. Sept. 24, 2010)). Accordingly, the "rule does not limit the time for supplementation of prior disclosures to the discovery period." *Copper Sands Homeowners Ass'n v. Copper Sands Realty*, 2013 WL 2460349, at *2 (D. Nev. June 5, 2013) (citing *Dayton Valley Investors, LLC*, 2010 WL 3829219 (D. Nev.2010)). The timeliness requirement, however, is only implicated where corrective information has not been made known to the opposing parties. *See Oskel v. Pardee*, 2013 WL 1315736, at *4 (D. Nev. Mar. 28, 2013) (finding that, because Plaintiff was aware of and deposed the four witnesses, later supplementation of witness list was not untimely and did not violate Rule 26(e)).

**III.   DISCUSSION**

<u>A. Disclosure of Witnesses</u>

Rule 26(a)(1)(A)(i) requires the initial disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." A party must supplement this disclosure as required by Rule 26(e).

3

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

In dispute here are two categories of witnesses: fact witnesses and authentication witnesses. Vistana initially submitted in its supplement that all but one of these witnesses would testify regarding the "factual allegations contained within the Counterclaim." *See* Docket No. 202-2 at 25-29. Vistana now contends, however, that "none of these witnesses are fact witnesses, other than Sosa Luciano[.]" Docket No. 214 at 5. Vistana represents that Sosa Luciano was already deposed in this case and argues that "the Quons cannot seriously be contending that Vistana cannot call a witness that was deposed in this action." *Id*. The Court finds that Vistana's later supplement adding Sosa Luciano did not violate Rule 26(e) and was harmless under Rule 37. *See Oskel*, 2013 WL 1315736, at *4 (finding that, because witnesses were deposed and Plaintiff was aware of the witnesses, later supplementation of witness list was not untimely and did not violate Rule 26(e)); *see also Van Maanen v. Youth With a Mission–Bishop*, 852 F.Supp.2d 1232, 1237 (E.D.Cal. 2012), *aff'd sub nom., Van Maanen v. Univ. of the Nations, Inc.*, 542 Fed.Appx. 581 (9th Cir. 2013) (finding that failure to disclose a witness was harmless where the identity, location and subject of information possessed by a witness were revealed during depositions months before the discovery cut-off date).

Vistana claims that the remaining witnesses were identified to authenticate documents. Docket No. 214 at 4. The Quons reply that "Vistana should be held to its claim that all of them with the exception of Sosa Luciano are strictly authentication witnesses who cannot offer substantive testimony." Docket No. 217 at 8. The Court finds Vistana's failure to disclose these witnesses harmless, especially considering the parties were in negotiations regarding a stipulation as to the authenticity of these documents, but agrees with the Quons that these witnesses' testimony should be limited to authentication. *Lam v. City & Cty. of San Francisco*, 565 F. App'x 641, 643 (9th Cir. 2014), *cert. denied*, *Lam v. City & Cty. of San Francisco, Cal.*, 135 S. Ct. 2860, 192 L. Ed. 2d 896 (2015) (finding district court acted within its discretion to find that non-disclosure of authentication witnesses was

4

harmless). Accordingly, the Court **DENIES** the Quons' request to exclude these witnesses. All witnesses other than Sosa Luciano, however, may testify solely as authentication witnesses.

### B. Disclosure of Documents

Rule 26(a)(1)(A)(ii) requires "a party to disclose: "a copy – or a description by category and location – of all documents . . . that the disclosing party . . . may use to support its claims or defenses." *Hill v. U.S. Dep't of Homeland Sec.*, 570 F. App'x 667, 669 (9th Cir. 2014). The Quons contend that Vistana failed to timely disclose four categories of documents. The Court considers each in turn.

#### 1. American General Life Insurance Documents

These are the payment records for the American General Life Insurance ("AIG") policy disputed in the interpleader claim. Docket No. 202 at 14; *see also* Docket No. 201 at 2 (explaining the term "AIG policy"). Vistana subpoenaed these documents from AIG and emailed them to the Quons on September 2, 2015. *Id.* at 14.

The crux of the Quons' argument is their contention that Vistana withheld and then disclosed over 1,000 pages of AIG documents. *Id.* Vistana responds that the AIG production was only 21 pages, all of which it previously disclosed to the Quons. Docket No. 214 at 6. The Quons further complain that Vistana initially disclosed the AIG documents with a cover letter but later disclosed them without that cover letter. Docket No. 217 at 9. The Quons presume that this omission indicates that "Vistana intentionally withheld a document to hide the fact that it had been dilatory[.]" Docket No. 202 at 14. Vistana responds that: "The very next day after receiving the documents from AIG, [it] disclosed them [to] the Quons" and expresses confusion as to why the Quons complain about the cover letter, which it contends has "no substantive merit to this lawsuit." Docket No. 214 at 6.

In reply, the Quons concede that Vistana "provided the Quons [AIG] documents previously" and that the "AIG documents are not the problem." Docket No. 217 at 9. Accordingly, the Quons' request to exclude these documents is **DENIED**.

//
//
//

5

### 2. Expert Work Files

This category of documents refers to documents produced along with Vistana's expert disclosures. Docket No. 202 at 14-15. Rather than contend these disclosures were untimely, the Quons claim that Vistana's expert disclosures themselves were inadequate. *Id.* at 15. The Quons fail to make any showing of inadequacy and instead state that the issue will be "discussed in a separate motion." *Id.* at 15. Vistana responds that "[t]he Quons object to documents that they received as part of the expert job files, apparently claiming that these documents should have been separately produced[.]" Docket No. 214 at 8. The Quons do not rebut this contention in reply or further explain the inadequacies of Vistana's expert disclosures. *See, e.g.*, Docket No. 217 at 8-9. Accordingly, the Quons' request for sanctions regarding the expert-work file is **DENIED**.

### 3. State Bank of Southern Utah Documents

The Quons contend that the disclosure of this category of documents was defective because it "did not contain any cover letter of custodian of records affidavit" and, therefore, "the Quons have no idea when they were provided to Vistana." Docket No. 202 at 14. Vistana responds that it issued the subpoena for these records on October 7, 2015, and therefore "likely received the[se] records a week or so after October 15, 2015 at the earliest." Docket No. 214 at 7. The records were supplemented by November 23, 2015. *Id.* The Court finds that Vistana supplemented its disclosure "in a timely manner." *Aylus Networks, Inc. v. Apple Inc.*, 2015 WL 6667460 at *3 (N.D. Cal. Nov. 2, 2015) (finding disclosure of information approximately a month after receiving them was timely).

### 4. American Express Statements

These are the credit card statements of Nancy Quon. Docket No. 214 at 8. The Quons contend that, although Vistana received these documents on July 10, 2015, it delayed months in disclosing them. Docket No. 202 at 13. Vistana responds that the DOJ and FBI seized all of Nancy Quon's American Express statements and provided them to the parties. Docket No. 214 at 8. Vistana further argues that "the Quons cannot claim that they were unaware of this fact because Vistana produced and examined Stephanie [Lingle] and Jessica [Quon] at their depositions regarding some of these records." *Id.* The Quons do not rebut the contention that the documents on which Vistana plans to rely were disclosed

1  during these depositions; therefore, the Court finds that these documents were made known to the Quons
2  during the discovery process. *Coleman v. Keebler Co.*, 997 F.Supp. 1102, 1107 (N.D. Ind. 1998) ("In
3  fact, both the Advisory Committee and leading commentators indicate that the incidental discovery,
4  particularly during a deposition, of information ordinarily subject to supplementation satisfies the Rule
5  26(e)(1) duty as sufficiently as a formal filing"). Accordingly, the Quon's request for sanctions
6  regarding the American Express records is **DENIED**.

C. Damage Calculations

Rule 26(a)(1)(A)(iii) requires the disclosure of "a computation of each category of damages claimed by the disclosing party." In contrast to Rule 26(a)(1)(A)(i), the terms 'computation' and 'category' are not rigidly defined, and "Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure." *Cardoza v. Bloomin' Brands, Inc.*, 2015 WL 3875916, at *2 (D. Nev. June 22, 2015) (citing *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003)). Rather, the level of specificity required must be gleaned from the purpose of Rule 26(a): to "accelerate the exchange of basic information" that is "needed in most cases to prepare for trial or make an informed decision about settlement." 1993 advisory committee's note to Fed.R.Civ.P. 26(a).

The Quons request that the entirety of "Vistana's damages claims be excluded [as] untimely." Docket No. 202 at 17-18. They take issue with the timing of Vistana's third supplemental disclosure, in which Vistana asserts that its "damages are $19,100,00, excluding punitive or tremble awards." *Id*. at 17; *see also* Docket No. 202-2 at 35 (supplemental disclosure). Vistana responds that the "Quons knew that $19,100,000 was the amount of the construction defect settlement[,]" which Vistana argues resulted in the unjust enrichment of the Quons. Docket No. 214 at 10 n.5. Vistana further submits that the parties discussed this figure during Mark Kulla's deposition, *id*. at 10, and its disclosed expert report opines about the $19,100,000 measurement. *Id*. at 10 n.6. Vistana essentially argues, *inter alia*, that it made its damages calculation known to the Quons through the discovery process and via its expert disclosure. In reply, the Quons submit that "Vistana never provided a timely damages calculation," but fail to explain how this previous disclosure did not suffice under Rule 26(e). Docket No. 217 at 10. In light of the lack of meaningful opposition to the fact that Vistana's damages calculation has been "made

7

known" to the Quons throughout the discovery process, the Court finds that Vistana's later supplementation was not untimely and did not violate Rule 26(e). *See Oskel*, 2013 WL 1315736, at *4. Accordingly, the Court **DENIES** the Quon's request for sanctions.

### III. CONCLUSION

For the reasons discussed above, the Quons' Motion for Discovery Sanctions is **GRANTED** in part, in that all witnesses first disclosed in Vistana's November 23, 2015 disclosure other than Sosa Luciano, may testify as to authenticity only. The remainder of the Quons' motion is **DENIED**.

DATED: April 21, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

8